**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**DARRELL M. COLE,**
　　　　**Petitioner,**

**v.**　　　　　　　　　　　　　　　　**No. 4:06cv270/WS/MD**

**JAMES R. MCDONOUGH,**
　　　　**Respondent.**

_____

**REPORT AND RECOMMENDATION**

　　**Before the court is an amended petition for writ of habeas corpus filed pursuant to Title 28 U.S.C. § 2254 (doc. 9).  Respondent has filed a response (doc. 11) to which petitioner has replied (doc. 16).  Petitioner was also allowed to supplement the record (docs. 19, 20).  The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).  After careful consideration of all issues raised by petitioner, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rules Governing Section 2254 Cases 8(a).  It is further the opinion of the undersigned that the pleadings and attachments before the court show that petitioner is not entitled to relief, and that the petition is without merit and should be denied.**

**BACKGROUND AND PROCEDURAL HISTORY**

　　**On June 7, 2004, petitioner, Darrell Cole, and an accomplice, Octavius Gillian, unlawfully entered the residence of a Mr. King and robbed him at gunpoint.  They then forced Mr. King to take them to a neighboring residence and stole some items**

located there.  Both were later arrested, and when arrested petitioner unlawfully possessed a large number of controlled substances (MDMA pills).  Petitioner was charged in the Circuit Court of Leon County in four counts:

1.     **Kidnapping to facilitate a felony, with use of a firearm.**

2.     **Burglary of a dwelling while armed with a firearm.**

3.     **Armed robbery with a firearm.**

4.     **Trafficking in MDMA, a controlled substance.**

Before trial petitioner entered into a plea agreement with the state.  Under the terms of the agreement, the charge in Count 1 was reduced from kidnapping to the lesser included offense of false imprisonment, and the charge in count 4 was reduced from trafficking to possession. The defense and the state also agreed that petitioner would be sentenced to four concurrent terms.  Counts one and four would be for five years, and Counts two and three would be for ten years each, the mandatory minimum under Florida's 10/20/Life statute, Fla. Stat. § 775.087(2).  On January 12, 2006, the court accepted the plea deal and sentenced petitioner as agreed.  Petitioner did not appeal.

Seven months later, on August 16, 2006, petitioner filed a consolidated motion for post-conviction relief pursuant to Fla.R.Crim.P. 3.850 and to correct illegal sentence pursuant to Rule 3.800 (doc. 11, ex. E).[1]  The trial court denied relief in a written order but without holding an evidentiary hearing (ex. H).  Petitioner's appeal of the order was unsuccessful, and he now seeks federal habeas relief.  Respondent concedes that the instant amended petition is timely (doc. 11, p. 4).

## STANDARD OF REVIEW

Section 2254(a) of Title 28 provides that "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to

---

[1]  Hereafter all references to exhibits will be to doc. 11 unless otherwise noted.

the judgment of a State court" upon a showing that his custody is in violation of the Constitution or laws of the United States.  As the instant petition was filed after April 24, 1996, it is subject to the more deferential standard for habeas review of state court decisions under § 2254 as brought about by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA).  Pub.L. 104-132, § 104, 110 Stat. 1214, 1218-19. In relevant part, section 2254(d) now provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C.A. § 2254 (2002).

The United States Supreme Court explained the framework for § 2254 review in *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).  The appropriate test was described by Justice O'Connor as follows:

> In sum, § 2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court. Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied - the state court adjudication resulted in a decision that (1) "was contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas

court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

120 S.Ct. at 1523 (O'Connor, J., concurring).  Under the test just described a habeas court does not examine the State court's ruling to see if it is correct, but examines it only to see if it is reasonable.  More recently, in *Lockyer v. Andrade*, 538 U.S. 63, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003), the Supreme Court instructed that, on any issue raised in a federal habeas petition upon which there has been an adjudication on the merits in a formal State court proceeding, the federal court should first ascertain the "clearly established Federal law," namely, "the governing legal principle or principles set forth by the Supreme Court at the time the state court render[ed] its decision."  *Id.*, 123 S.Ct. 1172.   The law is "clearly established" if Supreme Court precedent at the time "would have compelled a particular result in the case."  *Neelley v. Nagle*, 138 F.3d 917, 923 (11th Cir. 1998).

Next, the court must determine whether the State court adjudication is contrary to the clearly established Supreme Court case law, either because "'the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases' or because 'the state court confronts a set of facts that are materially indistinguishable from a decision of th[e] [Supreme] Court and nevertheless arrives at a result different from [Supreme Court] precedent.'"  *Lockyer*, 123 S.Ct. at 1173 (quoting *Williams v. Taylor*, 529 U.S. at 405-06, 120 S.Ct. at 1519-20).  The Supreme Court has clarified that "[a]voiding these pitfalls does not require citation to our cases--indeed, it does not even require awareness of our cases, so long as neither the reasoning nor the result of the state-court decision contradicts them."  *Early v. Packer*, 537 U.S. 3, 8, 123 S.Ct. 362, 365, 154 L.Ed.2d 263 (2002) (quoting *Williams*, 529 U.S. at 405-06).  If the State court decision is found in either respect to be contrary, the district court must independently consider the merits of the petitioner's claim.

If on the other hand, the State court applied the correct Supreme Court precedent and the facts of the Supreme Court cases and the petitioner's case are not materially indistinguishable, the court must go to the third step and determine whether the State court "unreasonably applied" the governing legal principles set forth in the Supreme Court's cases.  The standard for an unreasonable application inquiry is "whether the state court's application of clearly established federal law was objectively unreasonable." *Williams,* 529 U.S. at 409, 120 S.Ct. at 1521.  Whether a State court's decision was an unreasonable application of legal principle must be assessed in light of the record the court had before it.  *Holland v. Jackson*, 542 U.S. 649, 652, 124 S.Ct. 2736, 2737-38, 159 L.Ed.2d 683 (2004) (per curiam); *cf. Bell v. Cone*, 535 U.S. 685, 697, n. 4, 122 S.Ct. 1843, 152 L.Ed.2d 914 (2002) (declining to consider evidence not presented to state court in determining whether its decision was contrary to federal law).  An objectively unreasonable application of federal law occurs when the State court "identifies the correct legal rule from Supreme Court case law but unreasonably applies that rule to the facts of the petitioner's case" or "unreasonably extends, or unreasonably declines to extend, a legal principle from Supreme Court case law to a new context."  *Putman v. Head*, 268 F.3d 1223, 1241 (11th Cir. 2001); *see also Carr v. Schofield*, 364 F.3d 1246, 1250 (11th Cir. 2004) (A state court decision involves an unreasonable application of clearly established Federal law if the State court decision "identifies the correct governing Supreme Court legal principle . . . but . . . 'refuses to extend the governing principle to a context in which the principle should have controlled.'" (quoting *Ramdass v. Angelone*, 530 U.S. 156, 166, 120 S.Ct. 2113, 2120, 147 L.Ed.2d 125 (2000))).

Section 2254(d)(1) requires more than mere error, and more even than clear error on the part of the State court before federal habeas relief may be issued.  *E.g., Mitchell v. Esparza*, 540 U.S. 12, 124 S.Ct. 7, 12, 157 L.Ed.2d 263 (2003) ("We may not grant respondent's habeas petition, however, if the state court simply erred. . . .");

*Lockyer, supra*, 538 U.S. at 75, 123 S.Ct. at 1175 ("The gloss of clear error fails to give proper deference to state courts by conflating error (even clear error) with unreasonableness."); *Early v. Packer*, 537 U.S. at 11, 123 S.Ct. at 366 (State court "decisions which are not 'contrary to' clearly established Supreme Court law can be subjected to habeas relief only if they are not merely erroneous, but 'an unreasonable application' of clearly established federal law. . . ."); *Williams, supra*, 529 U.S. at 410-12, 120 S.Ct. at 1522-23 (The State court's incorrect or erroneous application of clearly established law will be held to be reasonable and not warrant a writ so long as the State court adjudication results in a "satisfactory conclusion.").

Only if the federal habeas court finds the State court decision to be contrary to, or an unreasonable application of, clearly established Supreme Court law does it take the final step of conducting an independent review of the merits of the petitioner's claims.  *Neelley*, 138 F.3d 917.  Even so, the writ still will not issue unless the petitioner shows that he is in custody "in violation of the Constitution or laws and treaties of the United States."  28 U.S.C. § 2254(a).

Section 2254(d) also allows federal habeas relief for a claim adjudicated on the merits in State court where that adjudication  "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).  The Supreme Court has clarified that:  "a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Miller-El v. Cockrell*, 537 U.S. 322, 123 S.Ct. 1029, 1041, 154 L.Ed.2d 931 (2003) (dictum).

When performing its review under § 2254(d), the federal court must bear in mind that any "determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner bears "the burden of rebutting the

presumption of correctness by clear and convincing evidence."   28 U.S.C. § 2254(e)(1); *see also Crawford v. Head*, 311 F.3d 1288 (11th Cir. 2002) (explaining that the new statute provides for a "highly deferential standard of review" for factual determinations made by a state court); *Jackson*, 112 F.3d at 824-25 (noting that the new statute places a heavier burden on petitioner to overcome the presumption of factual correctness).

## Exhaustion and Default

Respondent here contends that the court need not reach the merits of this case because the two grounds for relief raised here were not exhausted in the state courts.  It is a long-standing prerequisite to the filing of a federal habeas corpus petition that the petitioner have exhausted available state court remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights."  *Duncan v. Henry*, 513 U.S. 364, 365, 115 S.Ct. 887, 888, 130 L.Ed.2d 865 (1995) (quoting *Picard v. Connor*, 404 U.S. 270, 275, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971) (citation omitted)).  To satisfy the exhaustion requirement, the petitioner must "fairly present" his claim in each appropriate state court, alerting that court to the federal nature of the claim. *Duncan, supra*, 513 U.S. at 365-66; *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); *Picard*, 404 U.S. at 277-78.

The Supreme Court has offered the following guidance for determining whether a habeas petitioner has met the "fair presentation" requirement.  In *Picard v. Connor*, *supra*, the Court held that, for purposes of exhausting state remedies, a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief.  In announcing that "the substance of a federal habeas corpus claim must first be presented to the state courts," *id.* at 278, 92 S.Ct. at 513, the Court rejected the contention that the petitioner satisfied the exhaustion requirement

by presenting the state courts only with the facts necessary to state a claim for relief.

Additionally, the Court has indicated that it is insufficient to make a general appeal to a constitutional guarantee as broad as due process to present the "substance" of such a claim to a state court.  In *Anderson v. Harless*, 459 U.S. 4, 103 S.Ct. 276, 74 L.Ed.2d 3 (1982), the habeas petitioner was granted relief on the ground that a jury instruction violated due process because it obviated the requirement that the prosecutor prove all the elements of the crime beyond a reasonable doubt.  *Id.* 459 U.S. at 7, 103 S.Ct. at 278 (citing *Sandstrom v. Montana*, 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979)).  The only manner in which the habeas petitioner had cited federal authority was by referring to a state court decision in which "the defendant . . . asserted a broad federal due process right to jury instructions that properly explain state law."  *Anderson*, 459 U.S. at 7, 103 S.Ct. at 278 (internal quotation marks omitted).  The Court expressed doubt that a defendant's citation to a state-court decision predicated solely on state law was sufficient to fairly apprise a reviewing court of a potential federal claim merely because the defendant in the <u>cited</u> case advanced a federal claim.  Furthermore, the Court clarified that such a citation was obviously insufficient when the record satisfied the federal habeas court that the federal claim asserted in the cited case was not the same as the federal claim on which federal habeas relief was sought.  459 U.S. at 7 and n. 3, 103 S.Ct. at 278 and n. 3.

Years later, the Supreme Court readdressed the "fair presentation" requirement in *Duncan v. Henry*, *supra*.  The *Duncan* Court strictly construed the exhaustion requirement so as to mandate that, if state and federal constitutional law overlap in their applicability to a petitioner's claim, the petitioner must raise his issue in terms of the applicable federal right in state court in order to obtain federal

review of the issue.[2]  The Supreme Court explained, "[i]f a habeas petitioner wishes
to claim that an evidentiary ruling at a state court trial denied him the due process
of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal,
but in state court." *Duncan*, 115 S.Ct. at 888.  More recently, the Supreme Court
again focused upon the requirement of "fair presentation," holding that  "ordinarily
a state prisoner does not 'fairly present' a claim to a state court if that court must
read beyond a petition or a brief (or a similar document) that does not alert it to the
presence of a federal claim in order to find material, such as a lower court opinion
in the case, that does so."  *Baldwin v. Reese*, 541 U.S. 27, 124 S.Ct. 1347, 1351, 158
L.Ed.2d 64 (2004).  The *Baldwin* Court commented that "a litigant wishing to raise a
federal issue can easily indicate the federal law basis for his claim in a state court
petition or brief, for example, by citing in conjunction with the claim the federal
source of law on which he relies or a case deciding such a claim on federal grounds,
or by simply labeling the claim 'federal.'"  *Id.*  This language, while not part of the
Court's holding, provides an instructive and useful rule of thumb.  With regard to
this statement, the Eleventh Circuit stated in *McNair v. Campbell*, 416 F.3d 1291 (11th
Cir. 2005):

> If read in a vacuum, this dicta might be thought to create a low floor
> indeed for petitioners seeking to establish exhaustion.  However, we
> agree with the district court that this language must be "applied with
> common sense and in light of the purpose underlying the exhaustion
> requirement[:] 'to afford the state courts a meaningful opportunity to
> consider allegations of legal error without interference from the federal
> judiciary.'"  *McNair* [*v. Campbell*], 315 F. Supp. 2d at 1184 (quoting
> *Vasquez v. Hillery*, 474 U.S. 254, 257, 106 S. Ct. 617, 620, 88 L. Ed. 2d
> 598 (1986)).  This is consistent with settled law established by the
> Supreme Court. . . . We therefore hold that "'[t]he exhaustion doctrine
> requires a habeas applicant to do more than scatter some makeshift

---

[2]  The petitioner in *Duncan* raised a federal due process claim in his habeas petition, but had raised only
a state constitutional claim in his state appeal.  Presented with a state constitutional claim, the state court
applied state law in resolving the appeal.

needles in the haystack of the state court record.'"

*Id.*, 416 F.3d at 1302-03 (citations omitted).[3]

The Eleventh Circuit, prior to *Duncan*, had broadly interpreted the "fair presentation" requirement.  However, after *Duncan*, the Eleventh Circuit has taken a more restrictive approach.  For example, in *Zeigler v. Crosby*, the Circuit Court held that the habeas petitioner failed to "fairly present" his juror misconduct claims to the state courts where his brief to the state appellate court did not refer to the federal constitutional issues raised in his federal habeas petition, and none of the cases cited in his direct appeal discussed the Federal Constitution.  345 F.3d 1300, 1307 (11th Cir. 2003).  The court specifically noted that the section of the petitioner's appellate brief which dealt with juror misconduct contained the words: "Appellant was denied due process and a fair trial. . . .," which could be interpreted as asserting a fair trial claim under the Florida Constitution and Florida's Due Process Clause. *Id.* at 1308 n.5.  The only cases cited in the discussion of the issue in petitioner's state appellate brief were state supreme court cases that made no mention of the United States Constitution and cited no federal cases.  The court concluded that petitioner's "[c]ursory and conclusional sentence (unaccompanied by citations to federal law), . . . did not present to the Florida courts the federal claim asserted to us." *Id.*

An issue that was not presented to the state court and which can no longer be litigated under state procedural rules is considered procedurally defaulted, *i.e.*, procedurally barred from federal review.  *O'Sullivan*, 526 U.S. at 839-40, 848, 119

---

[3]   In his initial brief before the Court of Criminal Appeals, the petitioner cited one federal case in a string citation containing other state cases, and in a closing paragraph in his argument that extraneous materials were considered by the jury during deliberations, stated that there was a violation of his rights "protected by the Fifth, Sixth, Eighth[,] and Fourteenth Amendments to the United States Constitution, the Alabama Constitution[,] and Alabama law." *McNair v. Campbell*, 416 F.3d 1291, 1303 (11th Cir. 2005).  The court found that these references to federal law were not sufficient to meet the fair presentment requirement and noted that it was important that the petitioner had never mentioned the federal standards regarding extraneous materials in his brief, but relied on state law for his arguments.  *Id.*

S.Ct. at 1734; *Bailey v. Nagle*, 172 F.3d 1299, 1302-03 (11th Cir. 1999). This court will also consider a claim procedurally defaulted if it was presented in state court and rejected on the independent and adequate state ground of procedural bar or default. *Coleman v. Thompson*, 501 U.S. 722, 734-35 and n. 1, 111 S.Ct. 2546, 2555, 115 L.Ed.2d 640 (1991); *Caniff v. Moore*, 269 F.3d 1245, 1247 (11th Cir. 2001) ("[C]laims that have been held to be procedurally defaulted under state law cannot be addressed by federal courts."); *Chambers v. Thompson*, 150 F.3d 1324, 1326-27 (11th Cir. 1998) (applicable state procedural bar should be enforced by federal court even as to a claim which has never been presented to a state court); *accord Tower v. Phillips*, 7 F.3d 206, 210 (11th Cir. 1993); *Parker v. Dugger*, 876 F.2d 1470 (11th Cir. 1990), *rev'd on other grounds*, 498 U.S. 308, 111 S. Ct. 731, 112 L.Ed.2d 812 (1991). In the first instance, the federal court must determine whether any future attempt to exhaust state remedies would be futile under the state's procedural default doctrine. *Bailey*, 172 F.3d at 1303. In the second instance, a federal court must determine whether the state's procedural default ruling rested on adequate state grounds independent of the federal question. *See Harris v. Reed*, 489 U.S. 255, 109 S. Ct. 1038, 1043, 103 L. Ed. 2d 308 (1989). The adequacy of a state procedural bar to the assertion of a federal question is itself a federal question. *Lee v. Kemna*, 534 U.S. 362, 122 S. Ct. 877, 885, 151 L. Ed. 2d 820 (2002). The adequacy requirement has been interpreted to mean that the rule must be firmly established and regularly followed, that is, not applied in an arbitrary or unprecedented fashion. *Ford v. Georgia*, 498 U.S. 411, 424-25, 111 S.Ct. 850, 858, 112 L.Ed.2d 935 (1991); *Judd v. Haley*, 250 F.3d 1308,1313 (11th Cir. 2001); *Upshaw v. Singletary*, 70 F.3d 576, 579 (11th Cir. 1995). However, a petitioner may obtain federal review of his claim if the state procedural rule is applied in an "arbitrary or unprecedented fashion." *Judd*, 250 F.3d at 1318, or in a manifestly unfair manner, *Ford v. Georgia*, 498 U.S. 411, 424-425, 111 S.Ct. 850, 858, 112 L.Ed.2d  935 (1991); *Upshaw v. Singletary*, 70 F.3d 576,

579 (11th Cir. 1995).

To overcome a procedural default, the petitioner must show cause and prejudice or a fundamental miscarriage of justice in order for the federal habeas court to reach the merits of a claim. *Tower*, 7 F.3d at 210; *Parker*, 876 F.2d 1470. "For cause to exist, an external impediment, whether it be governmental interference or the reasonable unavailability of the factual basis for the claim, must have prevented petitioner from raising the claim." *McCleskey v. Zant*, 499 U.S. 467, 497, 111 S. Ct. 1454, 1472, 113 L. Ed. 2d 517 (1991) (quoting *Murray v. Carrier*, 477 U.S. 478, 488, 106 S. Ct. 2639, 2645, 91 L.Ed.2d 397 (1986)). Lack of counsel or ignorance of available procedures is not enough to establish cause. *Tower v. Phillips, supra*. To satisfy the miscarriage of justice exception, the petitioner must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo*, 513 U.S. 298, 327, 115 S.Ct. 85, 130 L.Ed.2d 808 (1995). "To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him." *Schlup*, 513 U.S. at 327. Further:

> a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. To be credible, such a claim requires [a] petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial.

*Id.*

## PETITIONER'S GROUNDS FOR RELIEF

1. <u>Illegal sentence.</u>

Petitioner first contends that his sentence was illegal. He argues that Florida's 10/20/Life statute cannot be imposed unless the defendant is in actual possession of a firearm during the commission of a crime, Fla. Stat. § 775.087(2)(a)1

c and d, and that there was no proof that he, as opposed to his accomplice, possessed a firearm. He therefore should not have been given a mandatory ten year sentence.

There are three reasons why this ground must fail. First, it was not properly exhausted by being fairly presented to the state court. Nowhere in his post-conviction motion did petitioner point to a federal constitutional violation (ex. E). He argued state law exclusively, and made no mention of the United States Constitution or any federal right. Specifically, petitioner cited to numerous Florida cases holding that in order for the 10/20/Life statute to be triggered, the defendant must be shown to be in actual possession of a firearm. A federal constitutional claim supporting petitioner's position, if there was one, was not raised, and therefore was not fairly presented to the state court for resolution. *Duncan v. Henry, supra*. Petitioner has not suggested any legal cause for his failure to exhaust, and he has not made the showings necessary to excuse his default.[4] This claim is therefore procedurally barred.

The second reason the claim must fail is that it involves only a matter of state law. Federal habeas relief is available to correct only constitutional injury. 28 U. S. C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S.Ct. 475, 479-80, 116 L.Ed.2d 385 (1991) (errors that do not infringe upon a defendant's constitutional

---

[4] Petitioner is now represented by counsel. In his reply brief, petitioner's counsel notes that until now petitioner has been proceeding *pro se*, and asks this court to construe the pleadings he filed with the state courts liberally, citing *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984), which in turn referred to the often cited language from *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1971) that a *pro se* complaint should be held to a less stringent standard then one drafted by a lawyer. The court does not believe that such leniency is justified in the procedural posture of this case. First, *Haines* and its progeny involved pleadings in civil cases, which, with or without a lawyer, can be amended. Petitioner has not presented a case, nor has the court found one, in which the liberal construction rule of *Haines* permitted a petitioner to amend, by implication or otherwise, a pleading filed in post-conviction proceedings in another jurisdiction. Second, Congress has made it clear that federal courts must enforce the exhaustion requirement, statutorily prohibiting a federal court from holding that exhaustion has been waived "unless the State, through counsel, expressly waives the requirement." 28 U.S.C. § 2254(c). The overwhelming majority of prisoners who file state post-conviction motions are unrepresented. If this court were to "liberally construe" pleadings filed by this petitioner in his underlying, final, Florida case, the congressional mandate requiring federal courts to enforce the exhaustion requirement would be rendered meaningless.

rights provide no basis for federal habeas corpus relief); *Wainwright v. Goode*, 464 U.S. 78, 104 S.Ct. 378, 78 L.Ed.2d 187 (1983); *Barclay v. Florida*, 463 U.S. 939, 958-659, 103 S.Ct. 3418, 3429, 77 L.Ed.2d 1134 (1983) ("Mere errors of state law are not the concern of this court . . . unless they rise for some other reason to the level of a denial of rights protected by the United States Constitution.") (citations omitted); *Engle v. Isaac*, 456 U.S. 107, 102 S.Ct. 2976, 73 L.Ed.2d 1361 (1981); *Carrizales v. Wainwright*, 699 F.2d 1053 (11th Cir. 1983). Questions of state law and procedure "rarely raise issues of federal constitutional significance. [A] state's interpretation of its own laws provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved." *Tejada v. Dugger,* 941 F.2d 1551 (11th Cir. 1991), *cert. denied*, 502 U.S. 1105, 112 S.Ct. 1199, 117 L.Ed.2d 439 (1992) (quoting *Carrizales, supra*). "This limitation on federal habeas review is of equal force when a petition, which actually involves state law issues, is couched in terms of equal protection and due process." *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988). In *Branan v. Booth*, for example, the Eleventh Circuit reaffirmed that "in the area of state sentencing guidelines in particular, we consistently have held that federal courts cannot review a state's alleged failure to adhere to its own sentencing procedures." *Id.* at 1508  (citing *Jones v. Estelle*, 622 F.2d 124, 126 (5th Cir.), *cert. denied*, 449 U.S. 996, 101 S.Ct. 537, 66 L.Ed.2d 295 (1980)).

State law issues may be reviewed in this federal forum only when the alleged errors were "so critical or important to the outcome of the trial to render the entire trial fundamentally unfair." *Tejada v. Dugger*, 941 F.2d at 1560. The Supreme Court "ha[s] defined the category of infractions that violate 'fundamental fairness' very narrowly." *Estelle*, 502 U.S. at 352, 110 S.Ct. 668.  The instant case is not one in which there were such critical errors, if indeed there were any errors, that a constitutional violation is apparent.

If the court were to find that this claim was not exhausted, or that it is

cognizable in federal court, then there is a third reason why it must fail: the facts do not support petitioner's claim.  The thrust of petitioner's argument is that he did not have a gun during the robbery.  As proof he points to a police report (doc. 19-2), which his counsel filed as a supplement to the record.  Read liberally, the police report can be interpreted as showing that only petitioner's accomplice had a gun.  There are at least two reasons why this report lends scant support to petitioner's claim.  First, a police report filled out near the time of a crime is only the first step in the investigation, and what may have been learned later in the investigation is not in the record.  According to the report, a Ms. Jones was interviewed, and said that the larger suspect (petitioner says he was the smaller suspect) entered the room first and she could see a chrome revolver in his hand, and that she saw "a gun." (Doc. 19-2, p. 4).  This may be true and it may not be true.  Nevertheless, it is not dispositive.  Ms. Jones said she saw a gun in the other man's hand.  However, she did *not* say that she did *not* see a gun in petitioner's hand.  Proof of one fact is not disproof of another.  Moreover, the same police report indicates that *petitioner* told the investigator that he was "given" a gun by the victim, Mr. King, who then led him to another apartment in which Mr. King kicked down two interior doors, allowing petitioner to steal a safe.  Petitioner said that he threw the gun down before he was stopped by police, and that he had not carried it into either residence (doc. 19-2, pp. 5-6).  This "evidence" is not dispositive either.  At best, it shows that the issue of whether petitioner carried a firearm was marginally debatable *until he admitted the fact during the plea colloquy*.

        The second reason that the police report is unhelpful was noted by the trial court when it denied the motion for post-conviction relief.  That is, regardless of what is contained in or may be inferred from the police report, petitioner admitted in open court that he had a gun.  The written plea agreement makes specific reference to "Burglary of Dwelling armed w/ Firearm" and "Armed Robbery

w/Firearm" (ex. B, p. 1).  Moreover, the transcript of the plea colloquy shows that the ten year minimum mandatory sentence under Florida's 10/20/Life statute was discussed (ex. C, p. 2-3); that petitioner understood the charges and the agreed sentences (*id*. at 4); that petitioner waived the right to require the state to prove the elements of each crime beyond a reasonable doubt (*id*. at 5); that he was not forced, threatened or coerced into pleading guilty, and was satisfied with his counsel's assistance (*id*. at 6); and that he had read the plea form, had no questions about it, and knew everything he needed to know about it (id. at 6-7).  The state then recited the factual basis for the plea, including the fact that "Mr. Cole, himself, carried a .38 revolver, a firearm."  (*Id*. at 7).  Counsel them stipulated to the factual basis (*id*.), while petitioner remained silent.  The court found that petitioner understood the charges and was entering his plea voluntarily, knowingly and intelligently with the assistance of counsel with whom he was satisfied (*id*. at 9).  The court immediately found petitioner guilty of burglary of a dwelling while armed with a firearm and armed robbery with a firearm, and noted that counts two and three required ten year minimum mandatory sentences, and sentenced petitioner in accordance with the plea agreement (*id*. at 10-11).  Again, petitioner said nothing.

As this court is well familiar, the representations of the defendant at a plea proceeding, as well as any findings made by the judge accepting the pleas, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity.  *Blackledge v. Allison*, 431 U.S. 63, 73-74, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977).  Petitioner's sworn testimony at the plea colloquy is presumed to be truthful.  "In analyzing the constitutionality of a guilty plea, a reviewing court must determine that the plea represents 'a voluntary and intelligent choice among the alternative courses of action open to the defendant.'"  *Jones v. White*, 992 F.2d 1548, 1556 (11th Cir. 1993)(quoting *Hill v. Lockhart*, 474 U.S. 52, 56, 106 S.Ct. 366, 369, 88 L.Ed.2d 136

(1977).  "A reviewing federal court may set aside a state court guilty plea only for failure to satisfy due process."  *Jones,* 992 F.2d at 1556.  "If a defendant understands the charges against him, understands the consequences of a guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea ... will be upheld on federal review."  *Stano v. Dugger*, 921 F.2d 1125, 1141 (11th Cir.) (en banc).  An after the fact recantation of petitioner's testimony at the change of plea hearing, without more, is insufficient to raise a viable claim of ineffective assistance of counsel.

Petitioner's after-the-fact- discovery that Ms. Jones might give him an out, and his consequent change of mind, will not help him here.  Petitioner's sworn statements in the written plea agreement that "I have read this entire form carefully or have gone over it with my attorney" (ex. B, p. 2), that "I am entering this plea because I acknowledge my guilt" (*id*.), and that "I have received complete and satisfactory answers" to all questions asked of counsel (*id*.), will not be overcome by petitioner's newly-found change of heart.

Petitioner's desire to withdraw his plea is not unusual, but success in withdrawing guilty pleas is rare.  At the Supreme Court has counseled:

> A defendant is not entitled to withdraw his plea merely because he discovers long after the plea has been accepted that his calculus misapprehended the quality of the State's case or the likely penalties attached to alternative courses of action. . . .  A plea of guilty triggered by the expectations of a competently counseled defendant that the State will have a strong case against him is not subject to later attack. . . .

*Brady v. United States*, 397 U.S. 742, 757, 90 S.Ct. 1463, 1473, 25 L.Ed.2d 747 (1970). The Rule 3.850 court found that the record refutes petitioner's claim.  The state court's ruling was well supported by the record, and did not result "in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law," 28 U.S.C. § 2254(d) (1); *Williams, supra*.

Beyond what was presented to the state court and what was contained in

petitioner's amended petition, petitioner's counsel now raises a claim of ineffective assistance of counsel, contending that defense counsel should have argued against petitioner's possession of a firearm in light of Ms. Jones' statement.  It is not necessary for this court to consider this new claim.  Any ineffective assistance of counsel claim is defaulted because it was not presented to the state court for consideration.  Petitioner has not shown cause for his failure to raise the claim, and he has not made the requisite showing to excuse his default.  Therefore, court will not consider an ineffective assistance of counsel claim.

Finally, petitioner's counsel argues that the sentence violated *Blakely v. Washington*, 124 S.Ct. 2531, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), because the judge, rather than a jury, determined that petitioner possessed a firearm during the robbery.  This claim was not presented to the state court for resolution and is defaulted.  Petitioner has not made the requisite showing to excuse his default.  There is also no merit to this claim.  Petitioner admitted he had a firearm; the court did not have to make any finding in that regard.  Moreover, *Apprendi*, *Blakely,* and their progeny have not been found to be retroactive on collateral review.  See e.g., *In re Dean*, 375 F.3d 1287 (11th Cir. 2004).  Therefore, defendant is not entitled to federal habeas relief, and the writ should not issue.

2.  <u>Disproportionality.</u>

For his second ground for relief, petitioner argues that his ten year sentence was disproportionate to that of his accomplice, who received only two years.  In order for this argument to have any validity, ths court must accept petitioner's argument that he did not possess a firearm during the commission of his crimes.  That factual claim has been clearly rejected above and need not be revisited here.  The state court made the same finding, adding that petitioner's accomplice received a lesser sentence because the state had concluded that it did not have sufficient

evidence to prove that the accomplice actually possessed a firearm.  Petitioner's arguments on proportionality are therefore meritless.  The state court's ruling did not result "in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law," 28 U.S.C. § 2254(d) (1); *Williams, supra*.  Petitioner is not entitled to federal habeas relief, and the writ should not issue.

Accordingly, it is respectfully RECOMMENDED that the amended petition for writ of habeas corpus, (doc. 9) challenging the conviction and sentence in the case of *State of Florida v. Darrell Cole*, in the Circuit Court of Leon County, Florida, case no. 2004CF2062, be DENIED, and that this cause be DISMISSED and the clerk be directed to close the file.

At Pensacola, Florida this 19th day of October, 2007.

/s/ *Miles Davis*
**MILES DAVIS
UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  See 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).